Marshall, Conway & Bradley, P.C.
2500 Plaza 5 Harborside Financial Center
Jersey City, New Jersey  07311
Tel. No. 201-521-3170
Fax No. 201-521-3180

By: Norman J. Golub, Esq., Attorney I.D. No. 007341994
Attorneys for Defendant, Philadelphia Indemnity Insurance Company

## IN THE UNITED STATES DISTRICT
## COURT OF NEW JERSEY
## NEWARK VICINAGE

-----------------------------------------------------------------X

GREATER NEW YORK MUTUAL INSURANCE
COMPANY,

                         Plaintiff,

            v.                                      CIVIL ACTION NO.:

PHILADELPHIA INDEMNITY INSURANCE
COMPANY and ASHBROOK MANOR ASSOCIATES
LLC,

                         Defendants.

-----------------------------------------------------------------X


## NOTICE OF FILING

**TO:**  Office of the Clerk
        Martin Luther King Building
        & U.S. Courthouse
        50 Walnut Street,  Room 4015
        Newark, NJ 07102

**WITH NOTICE TO:**

Clerk, Law Division
Union County Courthouse
2 Broad Street
Elizabeth, NJ 07207

Michelle M. Smith, Esq., Clerk
Office of the Superior Court Clerk
Richard J. Hughes Justice Complex

25 W. Market Street, 6th Floor North Wing
P.O. Box 971
Trenton, New Jersey 08625

Haydn J. Brill, Esq.
**BRILL & ASSOCIATES, P.C.**
111 John Street, Suite 1070
New York, NY 10038
Attorneys for Plaintiff Greater New York Mutual Insurance Company

**ASHBROOK MANOR ASSOCIATES, LLC**
820 Morris Turnpike
Short Hills, NJ 07095

     **PLEASE TAKE NOTICE** that a Notice of Removal by Defendant, Philadelphia

Indemnity Insurance Company of this action from the Superior Court of New Jersey, Law

Division, Union County, Docket No.: UNN-L-141-18, to the United States District Court for the

District Court of New Jersey was filed in the United States District Court of New Jersey, Newark

Vicinage.

Dated: February 9, 2018       MARSHALL, CONWAY & BRADLEY, P.C.
                             Attorneys for Defendant,
                             Philadelphia Indemnity Insurance Company

                        By:_____
                              Norman J. Golub

Marshall, Conway & Bradley, P.C.
2500 Plaza 5 Harborside Financial Center
Jersey City, New Jersey  07311
Tel. No. 201-521-3170
Fax No. 201-521-3180

By: Norman J. Golub, Esq., Attorney I.D. No. 007341994
Attorneys for Defendant, Philadelphia Indemnity Insurance Company

**IN THE UNITED STATES DISTRICT**
**COURT OF NEW JERSEY**
**NEWARK VICINAGE**

-----------------------------------------------------------------X

 GREATER NEW YORK MUTUAL INSURANCE
COMPANY,

Plaintiff,

    v.                                                CIVIL ACTION NO.:

PHILADELPHIA INDEMNIFYT INSURANCE COMPANY
And ASHBROOK MANOR ASSOCITATES LLC,

Defendants.

-----------------------------------------------------------------X

**<u>NOTICE OF REMOVAL</u>**

      Defendant, Philadelphia Indemnity Insurance Company ("PIIC") hereby gives notice to

this Court, pursuant to 28 U.S.C. Section 1446(b),  of the removal of this action which has been

pending in the Superior Court of New Jersey, Law Division,  Union County under Docket No.

UNN-L-141-2018  (the "State action"). The removal to this Court, Newark Vicinage, is proper

for the reasons set forth below:

1.      This action involves an  insurance coverage dispute in which plaintiff Greater New York

Mutual Insurance Company ("GNY") alleges that  it  "mistakenly" defended and settled three

underlying personal injury actions that were brought against defendant Ashbrook Manor

1

Associates LLC ("Ashbrook").   Each of the three underlying personal injury actions arose out of separate slip and fall accidents that took place in Scotch Plains, New Jersey.   The underlying personal injury actions were brought in Essex and Union Counties, New Jersey. Plaintiff GNY alleges that the subject  underlying personal injury claims were covered under an insurance policy issued by PIIC.  GNY has settled two of the three underlying personal injury actions; the third remains pending. GNY  is seeking, among other things, "restitution" from PIIC for the defense and settlement payments that GNY made in  two personal injury actions, reimbursement of defense costs and other expenses incurred  by GNY, an order declaring that the PIIC must provide coverage to Ashbrook in connection with the pending underlying personal injury action, and an order that GNY  is not required to further defend or indemnify Ashbrook in connection with the pending underlying personal injury action.

2.      The named defendants in the instant action are defendant PIIC and defendant Ashbrook.

3.      This is a civil action of which the United States District Court has original jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1) (diversity of citizenship).

4.      This entire matter is one which may be removed to this Court by virtue of the provisions of 28 U.S.C. Section 1441 (a) and in accordance with 28 U.S.C. Section 1446.

5.      This Court is one of proper venue pursuant to 28 U.S.C. Section 1391(b)(2) because the underlying events occurred in this judicial district.

6.      This matter was originally filed on  January 12, 2018  in the Superior Court of New Jersey, Law Division,  Union  County, bearing Docket Number UNN-L-141-2018.

7.      Defendant PIIC was served with the summons and complaint on January 19, 2018.

8.      Defendant PIIC has not  interposed an answer to the State action.

9.      Based on present information, defendant Ashbrook has not interposed an answer or

otherwise appeared in the State action.

10.     Plaintiff  GNY is now, and at the time the State action was commenced, an insurer organized and existing under the laws of the State of New York , with its principal place of business in the State of New York.

11.     Defendant PIIC is now, and at the time the State action was commenced, an insurer organized and existing under the laws of  the Commonwealth of Pennsylvania,  with its principal place of business in the Commonwealth of Pennsylvania.

12.     Defendant Ashbrook is now, and at the time the State action was commenced, a New Jersey limited liability company domiciled in the State of New Jersey.

13.     No change of citizenship of  the parties has occurred since the commencement of the State action.

14.     Defendant PIIC is not a citizen of the State in which the State action was brought.

15.     Defendant Ashbrook is a citizen of the State in which the action was brought.

16.     Plaintiff  GNY is not a citizen of the State in which the State action was brought.

17.     Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice of Removal has been filed with the Clerk of the Superior Court of New Jersey, Law Division, Union  County and written notice was given to  Plaintiff GNY and to co-defendant Ashbrook.

18.     This Court has original jurisdiction pursuant to 28 U.S.C. Section 1332 and, upon information and belief, the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, for the following reasons: In the Complaint, plaintiff GNY seeks  "restitution" and  "reimbursement" from PIIC of  defense costs and settlement payments which GNY made in the three underlying personal injury lawsuits,  and  has presented documentation to PIIC  that the amount of the damages sought exceeds $75,000.00.

19.    Copies of all process, pleadings (including the summons and complaint) and orders served upon the defendant are attached to this Notice of Removal as **Exhibit A**.

20.    Defendant expressly reserves the right to raise all defenses and objections to the State action after its removal.

**WHEREAS,** the Defendant, Philadelphia Indemnity Insurance Company, respectfully gives notice to this Court with its request for the removal of the State action in the Superior Court of New Jersey, Law Division, Union  County, to the United States District Court for the District of New Jersey, Newark Vicinage.

Dated:   February 9, 2018             MARSHALL, CONWAY & BRADLEY, P.C.

                                     Attorneys for Defendant,
                                     Philadelphia Indemnity Insurance Company

                                     By:_____
                                          Norman J. Golub

4

# EXHIBIT A

**BRILL & ASSOCIATES P.C.**
Attorney for Plaintiff
Attorney I.D. No. 023581984
111 John Street, Suite 1070
New York, New York 10038
(212) 374-9101

------------------------------------------------------X

GREATER NEW YORK MUTUAL
INSURANCE COMPANY,

                        Plaintiff,

        - against -

PHILADELPHIA INDEMNITY INSURANCE
COMPANY and ASHBROOK MANOR
ASSOCIATES LLC,

                     Defendants.

------------------------------------------------------X

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION:  UNION COUNTY

DOCKET NO. UNN-L-141-2018

CIVIL ACTION

SUMMONS

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and Proof of Service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at https://www.judiciary.state.nj.us/forms/10153_deptyclerklawref.pdf).  If the Complaint is one in foreclosure, then you must file your written Answer or Motion and Proof of Service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, New Jersey 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your Answer or Motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the court may enter a judgment against your for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county

where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at

https://www.americanbar.org/directories/lawyer-referral-directory/lawyer-referral-directory.html?q=inmeta:STATE_SERVED%3DNew%252520Jersey

Dated: January 12, 2018

BRILL & ASSOCIATES, P.C.

Haydn J. Brill, Esq.

Defendants' Addresses:

**PHILADELPHIA INDEMNITY INSURANCE COMPANY**
TMNA Services, LLC
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

**ASHBROOK MANOR ASSOCIATES LLC**
820 Morris Turnpike
Short Hills, New Jersey 07095

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl.,  Suite 150
101 South 5ᵗʰ Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records,  Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street,  Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

**BRILL & ASSOCIATES, P.C.**
Haydn J. Brill, Esq.
Attorney I.D. No. 023581984
111 John Street, Suite 1070
New York, New York 10038
*Attorneys for Plaintiff GNY Mutual Insurance Company*

-----------------------------------------------------------------X

| | |
|---|---|
| GREATER NEW YORK MUTUAL INSURANCE COMPANY, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: UNION COUNTY |
| Plaintiff, | Docket No.: |
| - against - | Civil Action |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY and ASHBROOK MANOR ASSOCIATES LLC, | **COMPLAINT** |
| Defendant. | |

-----------------------------------------------------------------X

Plaintiff, **GREATER NEW YORK MUTUAL INSURANCE COMPANY,**

as and for its Complaint for a Declaratory Judgment herein, respectfully sets forth and alleges,

upon information and belief, as follows:

## INTRODUCTION

1.       By this action, Plaintiff, Greater New York Mutual Insurance Company

(hereinafter "GNY" or "Plaintiff") seeks to obtain a Judgment rectifying mistakes made in the

defense and adjustment of three personal injury claims against an entity by the name of

Ashbrook Manor Associates LLC.  As described below, Plaintiff insured an entity by the name

of Ashbrook Manor Associates North LLC.   At the relevant times, Ashbrook Manor Associates,

LLC was insured by Defendant Philadelphia Indemnity Insurance Company.  The properties

owned by each respective entity are contiguous to each other the have common ownership

interests, namely members of the Wilf real estate family.  When Plaintiff discovered that the

subject claims were being defended or had been settled, Plaintiff notified Defendant Philadelphia of the mistake, tender the defense of the open claim and sought restitution of the defense costs and settlements incurred on the other two claims.  To date, Defendant, Philadelphia Indemnity Insurance Company (hereinafter "Philadelphia" or "Defendant") has neither accepted the defense or rejected it and by delaying its response to Plaintiff, Defendant Philadelphia has required GNY to commence this Declaratory Judgment action seeking an award of restitution for defense costs and settlement of the resolved cases and for a Judgment declaring that Philadelphia is obligated to defend and indemnify Ashbrook Manor Associates LLC in the open personal injury case and reimburse the Plaintiff for its costs of defense to date. The relief being sought herein is within the ratio decendendi of cases such as *Great American Ins. Co. v. Yellen,* 58 N.J. Super. 240 *(*App. Div. 1959*); Vornado v. Liberty Mutual Insurance Company,* 106 N.J.Super. 111 (Ch. Div. 1969) and *Ohio Casualty Ins. Co. v. Mercer Ins. Co.*, 2017 N.J. Super. Unpub LEXIS 435 (App. Div. 2017).  Plaintiff does not seek affirmative relief against Ashbrook Manor Associates LLC but rather, joins this entity as a nominal party to afford complete relief under the policies.

### THE PARTIES AND JURISDICTION

2.      Plaintiff, GREATER NEW YORK MUTUAL INSURANCE COMPANY (hereinafter "GNY") is an admitted insurer duly licensed to issue liability insurance policies in the State of New Jersey.

3.      Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY (hereinafter "Philadelphia") is an admitted insurer duly licensed to issue liability insurance policies in the State of New Jersey domiciled at Three Bala Plaza East, Bala Cynwyd, Pennsylvania 19004.

4.      That upon information and belief and at all relevant times hereinafter, Ashbrook Manor Associates, L.L.C. ("Ashbrook") is a New Jersey limited liability company domiciled in the State of New Jersey and is the owner of a 318 unit residential housing complex known as Country Club Village located on Country Club Lane, Scotch Plains, New Jersey.

5.      That upon information and belief and at all relevant times hereinafter, Ashbrook Manor Associates North, L.L.C. (hereinafter "Ashbrook North") is a New Jersey limited liability company domiciled in the State of New Jersey and is the owner of a 47 unit residential housing complex known as Ashbrook Manor North located on Country Club Boulevard, Scotch Plains, New Jersey.

6.      Ashbrook and Ashbrook North are contiguous properties with each being controlled by limited liability companies manage by the Wilf real estate family.

## The Cordoma Claim

7.      That on or about the 11th day of December, 2013, Sarah Cordoma, was allegedly involved in a slip and fall accident at 307 Country Club Lane, Scotch Plains, New Jersey.  307 Country Club Lane is situated within the residential housing complex known as Country Club Village and operated by Ashbrook Manor Associates LLC.

8.      Ms. Cordoma subsequently filed a civil action in the Law Division of Essex County seeking an award of monetary damages for personal injuries allegedly sustained in the accident under Index No. ESX-L-5991-14.  The Cordoma case has not yet been resolved.

9.      The Cordoma claim was erroneously reported to GNY who mistakenly undertook the defense of Ashbrook Manor Associates LLC in the Cordoma action.

10.      At the time of the Cardoma accident, Ashbrook Manor Associates LLC was not insured by GNY but rather, insured by Defendant Philadelphia Indemnity Insurance Company.

11.     Upon learning of the mistake, GNY tendered the Cardoma claim to Defendant and requested that it defend and indemnify Ashbrook Manor Associates LLC in connection with the Cordoma action in accordance with the terms and conditions of its insurance policies.

12.     To date, Defendant Philadelphia has neglected to do so in the Cordoma litigation.

13.     Plaintiff has not prejudiced the interests of the Defendants.

### The Moment Claim

14.     That on or about the 19th day of February, 2014, Aaron Moment, was allegedly involved in a slip and fall accident at 265 Country Club Lane, Scotch Plains, New Jersey.  265 Country Club Lane is situated within the residential housing complex known as Ashbrook Manor Associates.

15.     Mr. Moment subsequently filed a civil action in the Law Division of Essex County seeking an award of monetary damages for personal injuries allegedly sustained in the accident under Index No. UNN-L-2448-14.

16.     The Moment claim was erroneously reported to GNY who mistakenly undertook the defense of Ashbrook Manor Associates LLC.

17.     At the time of the Moment accident, Ashbrook Manor Associates LLC was not insured by GNY but rather, insured by Defendant Philadelphia Indemnity Insurance Company.

18.     The Moment case was settled by GNY in or about April of 2016.  The amount of the settlement is not being set forth in this Pleading in order to protect the privacy interests of Mr. Moment but has previously been communicated by GNY to Philadelphia.

19.     Upon learning of the mistake, GNY sought reimbursement of the settlement amount and its defense costs from Philadelphia in accordance with the terms and conditions of Philadelphia's insurance policies.

20.     To date, Defendant has failed to accept GNY's request for reimbursement of the settlement costs incurred in the Moment litigation.

21.     That from the inception of the Moment lawsuit through settlement of the case, GNY defended Ashbrook Manor Associates LLC believing them to an insured under the policy and did not prejudice the rights of Defendants.

**The Sangervasio Claim**

22.     That on or about the 18th day of January, 2015, Antonio Sangervasio, was allegedly involved in a slip and fall accident at 209 Country Club Lane, Scotch Plains, New Jersey.  209 Country Club Lane is situated within the residential housing complex known as Country Club Village operated by Ashbrook Manor Associates, LLC.

23.     Mr. Sangervasio subsequently filed a civil action in the Law Division of Essex County seeking an award of monetary damages for personal injuries allegedly sustained in the accident under Index No. UNN-L-2448-14.

24.     The Sangervasio claim was erroneously reported to GNY who mistakenly undertook the defense of Ashbrook Manor Associates LLC.

25.     At the time of the Sangervasio accident, Ashbrook Manor Associates LLC was insured by Defendant Philadelphia Indemnity Insurance Company.

26.     The Sangervasio case was settled by GNY in or about April of 2016.  The amount of the settlement is not being set forth in this Pleading in order to protect the privacy interests of Mr. Sangervasio but has previously been communicated by GNY to Philadelphia.

27.     Upon learning of the mistake, GNY sought reimbursement of the settlement amount from Philadelphia in accordance with the terms and conditions of its insurance policies.

28.     To date, Defendant has failed to accept GNY's request for reimbursement of the settlement costs incurred in the Sangervasio litigation.

29.     That from the inception of the Moment lawsuit through settlement of the case, GNY defended Ashbrook Manor Associates LLC believing them to an insured under the policy and has not prejudiced the rights of Defendants.

### GNY's Coverage

30.     At the time the Cordoma, Moment and Sangervasio suits were reported to GNY, GNY had issued a Commercial General Liability insurance policy, No. 1129M55703, effective 5/1/13 to 5/1/14 and from 5/1/14 to 5/1/15 to Garden Homes Management.

31.     The GNY Policy covered 15 scheduled locations including, but not limited to, Ashbrook Manor Associates North LLC.

32.     The GNY Policy did not, however, provide coverage for Ashbrook Manor Associates L.L.C, which operated Country Club Village, the location of the Cordoma, Moment and Sangervasio accidents.

33.     Unbeknowsnt to GNY at the time, coverage for Country Club Village operated by Ashbrook Manor Associates, LLC was placed with the Defendant, Philadelphia Indemnity Insurance Company.

34.     Country Club Village and Ashbrook Manor North were contiguous properties as shown on the following map:



35.     Due to the similarities in the identity of the insured's principals, the names of the insured entities, the locations of the properties, the existence of common insurance brokers for the insureds and similarities in the physical characteristics of the garden apartment complexes, when the Cordoma, Sangervasio and Moment claims were reported to GNY, Plaintiff mistakenly undertook adjustment of these losses and provided a defense in the personal injury actions.

36.     That in or about July of 2017, in the course of performing loss control inspection reports, GNY learned that several claims under its policy including, but not limited to the

Cordoma, Sangervasio and Moment accidents, were mistakenly reported to GNY where they were adjusted and in two cases settled.

37.     GNY thereafter undertook a coverage investigation which resulted in GNY ascertaining the correct identities of the insurers providing coverage to Ashbrook Manor Associates, LLC.

38.     Once it identified the insurance carrier with coverage for the claims, Plaintiff put Philadelphia on notice of the Cordoma claim and sought to have Philadelphia defend and indemnifty Ashbrook Manor Associates, LLC.

39.     Similarly, GNY sought restitution from Philadelphia for the settlements and defense costs incurred in defending the Sangervasio and Moment claims.

40.     To date, adjustment for the three identified claims remains outstanding..

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Restitution)**

41.     Plaintiffs repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered 1 through 39 of this Complaint inclusive with the same force and effect as if herein again set forth at length.

42.     That Plaintiff's payments to defend and settle the Mememt and Sangervasio were made on a mistaken belief of coverage which none actually existed.

43.     That Plaintiff's payment of the Moment and Sangervasio claims was made in good faith and Plaintiff did not prejudice the rights of Defendant in its handling and disposition of the Moment or Sangervasio claims.

44.     Plaintiff is entitled to restitution for the costs of defending Ashbrook Manor Associates LLC in the Moment and Sangervasio claims as well as those suns paid in settlement to the Plaintiffs.

## AS AND FOR A SECOND CAUSE OF ACTION
### (FOR A DECLARATORY JUDGEMENT)

45.    Plaintiff repeats, realleges and reiterates the allegations set forth in Paragrapghs 1 through 43 above.

46.    That Plaintiff has mistakenly undertaken the defense of Ashbrook Manor Associates LLC in the Cordoma personal injury action.

47.    Ashbrook Manor Associates LLC was neither insured by Plaintiff for the Cordoma personal injury claim nor entitled to defense or indemnity under the GNY Policy issued to Garden Homes Management and Ashbrook Manor North LLC.

48.    That coverage for the Cordoma personal injury claim properly lies with Defendant.

49.    That an actual controversy has arisen requiring Plaintiff to seek a Declaratory Judgment seeking an adjudicating from this Court that Plaintiff did not insure Ashbrook Manor Associates LLC for the Cordoma claim; that coverage for the Cordoma claim properly lies with Philadelphia Indemnity Insurance Company under the policy issued to Ashbrook Manor Associates LLC; that Plaintiff should be relieved of defending or indemnifying Defendant for the Cordoma personal injury claim; that Philadelphia Indemnity Insurance Companies should be required to assign counsel to defend and indemnify Ashbrook Manor Associates LLC in accordance with the terms and conditions of all primary and excess policies issued to Ashbrook; and that GNY be reimbursed for the fair and reasonable costs associated with the defense of the Sarah Cordoma personal injury action.

50.    Plaintiffs have no adequate remedy against Defendant other than to seek an adjudication of its rights to defense and indemnification under the policies.

51.   Plaintiff has been put to great expense in defending the Cordoma action and such expenses shall continue to accrue.

52.   Defendant has refused to recognize their obligations to defend and indemnify Ashbrook Manor Associates LLC and GNY will be aggrieved unless the Court makes an immediate declaration of the liability and obligations of Defendant under its policies.

53.   That the rights of Defendant under the policy have not been prejudiced.

**WHEREFORE**, Plaintiff demands judgment adjudicating its rights to defense and indemnity under the policies issued by PHILADELPHIA INDEMNITY INSURANCE COMPANIES on the Cordoma and that this court:

a.   determine and declare that the underlying action against ASHBROOK MANOR ASSOCIATES LLC is covered in the policies issued by Defendant in this complaint;

b.   determine and declare that Plaintiff is not required to further defend or indemnify Ashbrook Manor Associates LLC in connection with the Sarah Cordoma personal injury action;

c.   determine and declare that the Defendant is obligated under the within described policies of insurance to both defend and indemnify Ashbrook Manor Associates LLC herein in the SARAH CORDOMA action to the full extent of the policy limits;

d.   determine and declare that the Defendant is required to reimburse Plaintiff for all attorneys fees, costs and other expenses incurred to date for the defense of the Cordoma personal injury action;

e.   granting such other and further relief as to the court may seem just and proper.

Dated:  New York, New York
        Janaury 12, 2018

                         Yours, etc.

                         **BRILL & ASSOCIATES, P.C.**


               By:    Haydn J. Brill

Marshall, Conway & Bradley, P.C.
2500 Plaza 5 Harborside Financial Center
Jersey City, New Jersey  07311
Tel. No. 201-521-3170
Fax No. 201-521-3180

By: Norman J. Golub, Esq., Attorney I.D. No. 007341994
Attorneys for Defendant, Philadelphia Indemnity Insurance Company

**IN THE UNITED STATES DISTRICT
COURT OF NEW JERSEY
NEWARK VICINAGE**

-----------------------------------------------------------------X

GREATER NEW YORK MUTUAL INSURANCE
COMPANY,

Plaintiff,

    v.                                              CIVIL ACTION NO.:

PHILADELPHIA INDEMNITY INSURANCE
COMPANY and ASHBROOK MANOR ASSOCIATES
LLC,

Defendants.

-----------------------------------------------------------------X

**TO:**  Office of the Clerk
     Martin Luther King Building
     & U.S. Courthouse
     50 Walnut Street,  Room 4015
     Newark, NJ 07102

**CERTIFICATE OF FILING AND SERVICE**

The within *Notice of Filing* and *Notice of Removal* by Defendant Philadelphia Indemnity

Insurance Company has been filed with the Clerk of the Court, United States District Court for

the District of New Jersey, Newark Vicinage.

On February 9, 2018  I, the undersigned, served the following parties:

1

**Via Electronic Filing**
Clerk, Law Division
Union County Courthouse
2 Broad Street
Elizabeth, NJ 07207

**Via First Class Mail**
Michelle M. Smith, Esq., Clerk
Office of the Superior Court Clerk
Richard J. Hughes Justice Complex
25 W. Market Street, 6th Floor North Wing
P.O. Box 971
Trenton, New Jersey 08625

**Via Email and First Class Mail**
Haydn J. Brill, Esq.
**BRILL & ASSOCIATES, P.C.**
111 John Street, Suite 1070
New York, NY 10038
Attorneys for  Plaintiff Greater New York Mutual Insurance Company

**Via First Class Mail**
**ASHBROOK MANOR ASSOCIATES, LLC**
820 Morris Turnpike
Short Hills, NJ 07095

the following documents:

**NOTICE OF FILING AND NOTICE OF REMOVAL**
**BY DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY**


I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.


Dated: February 9, 2018          MARSHALL, CONWAY & BRADLEY, P.C.
                                 Attorneys for Defendant,
                                 Philadelphia Indemnity Insurance Company


                                 By: _____
                                        Norman J. Golub

2